# Taylor Manufacturing Co. *v.* Key.

*Action by Agent, for Commissions on Sales of Machinery.*

1. *Agent's commissions on sales.*—Under a contract of employment as an agent to sell machinery on specified commissions, containing a provision that "no commissions shall be allowed or paid on any article taken back, or on any order taken and not filled, on machinery not settled for, or any sale to irresponsible persons;" if the agent makes a sale to a responsible person, he becomes entitled to his commissions, and can not be deprived of them because the principal, after extending the indebtedness at maturity, finally releases a part of the security, and takes back the machinery in settlement of the debt.

2. *Same.*—If the agent accepts from a purchaser, in lieu of the cash payment, a conveyance of a tract of land to himself, and the transaction is ratified by his principal, he can not retain the land, and claim commissions to the amount of its agreed value.

3. *Same.*—If the general agent of the principal, coming within the exclusive territory of the local agent, there makes a sale with his consent, agreeing to pay him a fixed sum, less than his commissions would have been; the local agent may recover this sum from the principal, when it appears that the general agent had authority to make such special agreement.

4. *Same.*—If the agent, after the expiration of his special contract, makes a sale at the request of the principal, nothing being said about his compensation, there is an implied promise to pay him reasonable compensation.

5. *Accepted order, as payment or set-off.*—An order drawn by plaintiff on defendant, being accepted by the latter, but not paid, after which it was returned by the payee to plaintiff, who thereupon gave his note for the amount, on which the creditor recovered judgment, is thereby discharged, and is not available to the defendant either as a payment or a set-off.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by A. W. Key, against the appellant, a manufacturing corporation organized under the laws of Pennsylvania, to recover commissions on sales of machinery made by plaintiff as agent for defendant; and was commenced on the 8th December, 1886. The complaint contained the common counts, and several special counts. The

defendant pleaded the general issue, payment, and set-off; and issue was joined on these pleas. The case was submitted to the decision of the court, without a jury; and the court rendered judgment for the plaintiff, for $1,447.65, being the aggregate of the following items: "Commissions on sale to A. N. Hamaker, $640; commissions on sale to Bibb Branch Coal & Coke Company, $125; commissions on sale to A. D. Robinson, $264.82; order of D. A. Smith on defendant, assigned to plaintiff, $50; commissions on sale to Montgomery & East, $205; commissions on sale to Hunt & Brother, $217.10; commissions on sale of saw-mill and fixtures to Montgomery & East, $20." The defendant excepted to the allowance. of each of these items, and also to the disallowance of a set-off for $208.25 claimed by the defendant. The plaintiff offered in evidence three special contracts made with the defendant, for the sale of machinery on commissions; which were partly written and partly printed, and were the same in substance. Each of these contracts purported to be signed by the defendant "by J. C. Weaver;" one being made with the plaintiff individually, one with the firm of A. W. Key & Co., and one with the firm of Key & Baird. The plaintiff was a member of each of said partnerships, and claimed the amount of commissions due on sales made by them as assignee of each. The order for $50, assigned to plaintiff by D. A. Smith, was drawn on the defendant by said J. C. Weaver; and the defendant objected to its admission as evidence, as well as to its allowance, "because it was not proved that said Weaver had authority to make said agreement with Smith for defendant." The item of $208.25, claimed by defendant as a set-off, was for an order drawn on the defendant by the plaintiff, in favor of the Davis Sewing Machine Company, to whom he was indebted; which was presented to defendant, and accepted, "but only to be paid when defendant had money in hand due plaintiff from said sales;" but defendant having afterwards informed the payee that the company had no money in hand due to plaintiff, the order was returned to plaintiff, who thereupon gave him two notes for the amount of the debt, and judgment was afterwards rendered against him on these notes, in favor of the Davis Sewing Machine Company. As to each of the sales for which commissions were claimed by the plaintiff, the opinion states the material facts. The allowance of the several items in favor of the plaintiff, and the disallowance of the set-off claimed by the defendant, are now assigned as error.

MOUNTJOY & TOMLINSON, for appellant.

BROOKS & VARY, *contra.*

CLOPTON, J.—This case was tried by the City Court of Birmingham without the intervention of a jury; and under the statute, the judgment is reviewed without any presumptions in favor of the rulings of the court on the evidence. Appellee seeks to recover commissions, on sales of machinery and other articles of manufacture, made by him as agent of appellant, under three several contracts, one of which was made with Key & Baird, but the commissions accruing under this contract have been assigned to plaintiff. The contracts are substantially the same, except as to the rates of commissions, and as to these there is no controversy.

On February 25, and April 22, 1884, plaintiff made two sales of machinery to A. D. Robinson, for the aggregate sum of about $1,865.00, of which he paid $250 in cash, and gave four notes for the deferred payments, all maturing during 1884.. On March 23, 1885, defendant extended the indebtedness, taking two notes for $833.03 each, payable five and six months from date, with interest; and to secure the same, Robinson executed a mortgage on two hundred and twenty acres of land, and a house and lot containing four acres. After the maturity of the notes, defendant placed them in the hands of attorneys for collection, and informed plaintiff that he had nothing further to do. with the matter. On December 24, 1885, Robinson made to defendant a bill of sale to the machinery purchased, and a conveyance of eighty acres of the mortgaged land, in full settlement of the notes, and defendant gave him a receipt therefor in full settlement.

The contracts contain the following provision: "No commissions shall be allowed or paid said party of the second part, on any article taken back, or on any order taken and not filled, on machinery not settled for, or any sale to irresponsible persons." The defendant insists that, under this provision, plaintiff is not entitled to commissions on sales to Robinson. The preponderance of the evidence shows that Robinson was solvent at the time the sales were made, and that the notes first given could have been collected by suit at law. Instead of proceeding to collect the notes, the defendant extended the indebtedness, taking security therefor. Under the provision of the contract above quoted, the defendant is not authorized to take back machinery which has been

sold by an agent, without his consent, unless there be necessity for so doing, and thus deprive him of his commissions. No necessity is shown in the present instance. It appears from the evidence, that the mortgaged property was of sufficient value to pay the indebtedness. The defendant seemingly preferred to take back the machinery to foreclosing the mortgage, or bringing an action against Robinson. In the settlement, a large part of the security taken was voluntarily released. Under such circumstances, the provision of the contract does not deprive the plaintiff of his commissions.

On June 11, 1884, Key & Baird made a sale of machinery to A. N. Hamaker, for $2,281.00, and for the cash payment took from Hamaker a conveyance to themselves of one hundred and sixty acres of land, at the sum of $640; and for the deferred payment, Hamaker gave his note for $1,641, payable twelve months after date, with interest; and to secure the same, executed to defendant a mortgage on two houses and lots in the city of Birmingham. When this note matured, defendant extended the note for two months, taking a new note and mortgage. When the last note matured, the property was advertised and sold under the mortgage. At the sale, defendant purchased the two houses and lots at seven hundred dollars, and the machinery at eleven hundred dollars; and afterwards recovered a judgment against Hamaker for one thousand dollars, on which one hundred and fifty-five dollars was collected. By another provision of the contract, commissions are to be paid to the agent on each sale proportionately out of the cash and proceeds of notes when collected. It appears from the evidence, that all the purchase-money of the machinery sold to Hamaker has not been collected. On the uncollected portion, the plaintiff is not entitled to recover commissions. By the judgment of the City Court, the plaintiff was allowed to recover six hundred and forty dollars for commissions on the sale to Hamaker. This sum had already been paid to Key & Baird by the conveyance of the land to them, which they received in lieu of the cash payment. It should not have been allowed by the court; for this is equivalent to a double payment.

The general agent of the defendant procured the consent of Key & Baird, while they were acting as agents, to sell within their territory two engines and boilers to the Bibb Branch Coal & Coke Company, agreeing to pay them one hundred and twenty-five dollars in lieu of their commissions, which would, under the contract, have been largely more,

On this sale, defendant received six hundred dollars in cash, and afterwards recovered in an action of detinue the engines and boilers, on failure of the purchaser to make the. deferred payments. This was a special agreement with Key & Baird, not coming under their contract with defendant, and not subject to its conditions. On the evidence, there can be no doubt of the authority of the general agent to make such agreement, and the plaintiff is entitled to recover this amount. The same observations apply to the order on defendant given by the general agent to Smith, which was transferred to plaintiff.

The evidence shows that plaintiff, after the expiration of his contract as agent, sold, at the request of defendant, to Montgomery & East, for ten hundred and twenty-five dollars, the machinery formerly sold to Hamaker, and purchased by defendant at the mortgage sale. The commissions charged are shown to be reasonable and customary. In the matter of the sale to Montgomery & East, plaintiff was a special agent, and there was an implied promise by defendant to pay him what his services were reasonably worth. The same remark applies to the sale of the machinery to F. M. Hunt & Brother.

The order on, and accepted by defendant, given by plaintiff to the Davis Sewing Machine Company, was, on failure of defendant to pay the same, surrendered to plaintiff, and two notes were taken by the company in lieu of the order; on which notes the Davis Sewing Machine Company brought suit, and recovered judgment against the plaintiff. The order has not been paid by defendant, and on the facts has been discharged by plaintiff. The defendant is not entitled to a set-off for the amount of the order.

The judgment is reversed, and a judgment here rendered for $881.42 dollars.

Reversed and remanded.