# Newell & Allen *v.* Port Huron Engine & Thresher Co.

## *Assumpsit.*

### (Decided Nov. 30, 1911.  57 South. 68.)

*Principal and Agent; Commissions; Contract; Condition Precedent.*—Where the principal issued to the agent certificates of commission on his sale of the machinery, under a contract that the certificates were not payable if the principal failed to collect notes given by the purchasers for the machinery, or if the notes were collected by an attorney, and that no commission was to be paid on any order not filled, nor on any machinery taken back for any cause whatever, and further providing that the proceedings on foreclosure sale, on allowances and compromises, on changing the time of payment, on changing the evidence of indebtedness and on obtaining judgment or selling the property, shold not be considered as collections, the agent was not entitled to recover on such certificates where the principal shows that the conditions precedent were not performed, notwithstanding the principal did not show the necessity of taking back the machinery sold, or of collection by an attorney, etc.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by Newell & Allen against the Port Huron Engine & Thresher Company. Judgment for plaintiff, and plaintiff appeals. Affirmed.

The action was on the common counts and upon counts setting up special contracts on what are called "commission certificates," issued by the defendant to the plaintiff. The following are please referred to:

"(5) For further answer to the plea as amended, and each count thereof, severally and separately, the defendant says and avers that it was not liable to the plaintiff in this cause, for that the alleged liability of the defendant arose out of an agency contract between the defendant and the plaintiffs, dated November 7, 1906, under which the plaintiffs, as agents, took orders for certain machinery from divers persons which machinery was delivered to said persons by the defendant, and certain notes and contracts of shipment by the defendant for all, or the larger portion, of the purchase price, the defendant retaining the title to such machinery until fully paid for. The defendant avers that certain commission certificates were issued by the defendant to the plaintiffs on account of said conditional sale, and that each of such commission certificates issued to the plaintiffs, subjects of this suit, contained a clause in words and figures as follows, to wit: 'There will be due Newell & Allen, agents at Birmingham, Alabama, the sum of $——, upon return of this certificate and note by them at any time after payment in full is received by the Port Huron Engine & Thresher Company at its office in Port Huron Mich., of the note numbered ——, given to said company by ——, due ——, less the pro rata cost of collection or discount that may be made on said note, subject to the terms of the agency contract under which the sale was made, and to the Port Huron Engine & Thresher Company's right to compromies, renew, or extend such notes at its discretion. And it is understood and agreed that this obligation is to become null and void, and this certificate surrendered, in case of failure of said Port Huron Engine & Thresher Company to collect said note, or if said note is collected by an attorney or by suit.' And defendant avers that the blank places left therein are filled up by the

amount, name of the party, number of the note, date, etc., in the appropriate places in one of the certificates issued to said plaintiff, and signed by the defendant. The defendant avers that the contract referred to in said certificate is a contract, and a supplement thereto made between the plaintiffs and the defendant, dated November 7, 1906, and in section or paragraph 13 of said contract, it is provided as follows: 'Said commission being in full compensation and consideration for transacting the business and fulfilling the conditions herein required, specified, and implied. Commission certificates shall be issued by the company to the agent as notes are paid in cash. The commision on each sale made for cash on delivery may be retained from the proceeds of such sale, but in each sale made on time, or part cash and part time, the commission is included in and is payable pro rata as the notes are paid. If the note is paid in full, and the proceeds thereof received by the company in cash at its office in Port Huron, Mich., the company is to account to the agent for that portion of commission included in said note, less the proportion of discount and expense allowed or incurred in said note. No commission is to be paid or allowed on any order not filled, nor any machines returned or taken back for any cause whatever. No commission is to be allowed upon the proceeds of foreclosure sales, on allowances and compromise, changing the time of payment, changing the evidence of indebtedness ,obtaining judgment, nor the sale of property. None of them shall be considered as collections. Any commission due or to become due shall at all times be subject to any debt, liability, or obligation due or to become due from the agent to the company, whether arising from this agreement or otherwise, and the company has the right to apply said commission on such obligation at its option.'

And the defendant avers that it has paid to plaintiffs their pro rata of commission on all amounts collected in cash on sale, either absolute or conditional, made by the plaintiffs for the defendant, and avers, as to the notes referred to in the commission certificates held by plaintiff and sued on, that it has collected no cash on any of said notes, and avers that after one or more of the notes given to the defendant by each of the several purchasers in each of the sales, or conditional sales, made by plaintiffs for machinery, for which notes were taken, payable to the defendant, and on which commission certificates were issued by the defendant to the plaintiffs, there was default in payment by the maker of one or more of such notes in each case where there was a sale or condtional sale, for a long time after maturity of one or more of the notes, and default in payment had been made by the makers in each case of each of said sales or conditional sales, and because said note was not paid when due the defendant took back the machinery under its contract; and the defendant avers that no other payment has been made to it on account of any of said transactions, except the taking back of said machinery after there had been a default in payment of one or more of said notes."

(6) Similar to 5, and sets forth the same commission certificate and the same contract, and concludes as follows: "And defendant denies that it has received any cash on account of any of said transactions, except the first or cash payment made on the machinery in each of the several cases, out of which defendant avers that plaintiffs have received their pro rata of the commission, and, to the extent that there was an collection of any of said notes referred to in the commission certificates, it was only a collection made by an attorney by taking back the machinery after there had been a default made

in the payment of one or more of said notes given to the defendant for such machinery in each of the several cases, and after payment of said note had been refused by the maker severally at maturity."

"(7) The defendants aver that they are not liable to plaintiff in this cause, for that the alleged liability arose out of certain transactions under and pursuant to a contract between plaintiffs and defendant, dated November 7, 1906, whereby the plaintiffs were acting as agents of the defendant in selling machinery to divers certain persons; and the defendant avers that in section or paragraph 13 of said contract it is provided: (Here follow the provisions of the contract set out in plea 5.) And plaintiffs sent defendant orders for machinery from divers persons, which machinery was to be shipped by the defendant to such persons, and notes taken by the plaintiffs from the purchasers of such machinery, payable to the defendant, whereupon the defendant issued to the plaintiffs certain commission certificates, being the certificates sued on, each of which certificates contains the following clause, to wit: (Here follows the commission certificate as set out in plea 5.)"

Plea 8 is similar to plea 7, down to and including the commission certificate set out, and contains the additional averment: "And defendant avers that no amount has become due on either of said certificates issued by the defendant to the plaintiffs, because no payment had been made to the defendant in cash on either of the notes referred to in either of said commission certificates, and because the machinery in each of the several cases for which notes were given, referred to in the commission certificate, was taken back by the defendant, because the several makers of such note failed to pay such one or more of the notes in each of the several cases, respectively, at maturity, and for a long

time after the maturity, of such notes, such machinery in each case being taken back only after the failure of the maker of such notes to pay one or more of said notes first maturing, and because, after the first one or more of the notes maturing in each of the several cases where sales were made and commission certificates issued to the plaintiffs, the maker of the notes failed to pay the first one or more of the notes at maturity, and after such failure or default in payment the defendant placed said note in the hands of an attorney for collection, he took back the machinery for which said notes had been given, this being the only collection made on any of the said notes."

TYSON, WILSON & MARTIN, for appellant. It is a well settled rule that a broker employed to effect a sale on specified terms becomes entitled to his commission or agreed compensation when he procures a purchaser ready, willing and able to purchase and pay on, the terms specified, and the vendor accepts him although the sale is never consummated by reason of the vendor's fault.—*Stevens v. Bailey*, 149 Ala. 256; *Hutto v. Stough*, 157 Ala. 566. It appears from the pleading that the sales were actually consummated, and it is sought to defeat the rights of the agent by pleading conditions subsequent, which cannot be done.—*Hall v. Gunter*, 157 Ala. 375; *Sayre v. Wilson*, 86 Ala. 151. Under the con- tract, it was not within the power of the defendants to take back the machinery, and thereby deprive plaintiffs of their compensation so far as the pleadings in this case.—*Tailor M. Co. v. Key*, 86 Ala. 212; *Livingston v. Arrington*, 28 Ala. 424; *Lively v. Robbins*, 39 Ala. 461.

R. L. HARMON, for appellee. No brief reached the Reporter.

WALKER, P. J.—According to the averments of pleas 5, 6, 7, and 8. the claim of the plaintiffs arose out of an agency contract between them and the defendant, under which the plaintiffs, as agents, took orders for certain machinery from divers persons, which machinery was delivered by the defendant to the several purchasers, who gave their notes for all or the larger part of the purchase price, the defendant retaining title to the machinery until fully paid for; and "commission certificates" on account of such sales were issued by the defendant to the plaintiffs, each of which certificates recited that there would be due to the plaintiffs a named sum "upon return of this certificate, indorsed by him, at any time after payment in full is received by" the defendant "at its office in Port Huron, Michigan," of a described note given by the purchaser of the machinery, "subject to the terms of the agency contract under which sale was made," and contained also the following provision: "And it is understood and agreed that this obligation is to become null and void, and this certificate surrendered, in case of failure of said Port Huron Engine & Thresher Company to collect said note, or if said note is collected by an attorney, or by suit." The agency contract, under which these "commission certificates" were issued, contained the following provisions: "Commission certificates shall be issued by the Co. to the agent, showing the amount due the agent as notes are paid in cash. The commission on each sale made for all cash on delivery may be retained from the proceeds of such sale; but in each sale made on time, or part cash and part time, the commission is included in, and is payable pro rata, as the notes are paid. After the note is paid in full and the proceeds thereof received by the Co. in cash, at its office in Port Huron, Michigan, the Co. is to account to the agent for that portion of the

commission included in said note, less the proportion of discount and expenses allowed or incurred on said note. No commission is to be paid or allowed on any order not filled, nor any machine returned or taken back for any cause whatever. No commission is to be allowed upon the proceeds of foreclosure sales; on allowances in compromises; changing the time of payment; changing the evidence of indebtedness, obtaining judgment, nor the sale of property, shall none of them be considered as collections." Each of the pleas alleged that the defendant had paid to the plaintiffs their pro rata commissions on all cash collections made on sales negotiated by them. In reference to the "commission certificates" held by the plaintiffs, upon which it is averred their claim in this suit is based, the fifth plea alleges that no other payment has been made to the defendant on account of any of the transactions in which such certificates were issued except the taking back by the defendant of its machinery after there had been default in payment of one or more of the notes given therefor. The sixth plea alleged that the only collection made on any of the notes corresponding with the "commission certificates" held by the plaintiffs was by an attorney taking back the machinery after default had been made in the payment of one or more of such notes, and payment of the same had been refused by the makers, severally, at maturity. The seventh plea alleged that no payment has been made to the defendant in cash on either of the notes referred to in either of the commission certificates held by the plaintiffs. And the eighth plea alleged that no payment in cash has been made to the defendant on either of such notes, that in each case the machinery was taken back after failure of the maker of the notes to pay one or more of them after maturity, and that the only collection made on

such notes was by an attorney taking the machinery back after default had been made in the payment of one or more of such notes, and they had been placed in the hands of such attorney for collection.

It is urged in argument by the counsel for the appellants that the demurrers to the above-mentioned pleas should have been sustained on the authority of the ruling in the case of *Taylor Manufacturing Co. v. Key,* 86 Ala. 212, 5 South. 303. It is insisted that that case is "on all fours in every respect with this case," and is "an exact counterpart of it," and that that ruling establishes the proposition that in such a case as the one at bar the agent could not be made to lose his right to any part of his commission as the result of the principal, without the agent's consent, taking back from the purchaser the machinery sold unless there was a necessity for his so doing; and it is insisted that each of the above-mentioned pleas failed to set up a valid defense in that it did not show a necessity for the principal to take back the machinery in consequence of an inability to enforce the collection of the notes given for it. We cannot assent to this claim. In the case cited, where, as to one of the sales of machinery on which the plaintiff claimed a commission, it appeared that the principal, without the consent of the agent, made a settlement with the purchaser by taking back the machinery and accepting a conveyance of part of the land which had been mortgaged to secure the purchase price, though the purchaser was solvent and the mortgaged property was of sufficient value to pay the indebtedness and no necessity was shown for the seller taking back the machinery, it was held that the agent did not lose his right to the commission by the provision of the agency contract that "no commission shall be allowed or paid on any article taken back, or on any order taken and not

filled, on machinery not settled for, or on any sale to irresponsible persons." It seems plain enough that there was nothing in the terms of that contract to indicate that the agent consented to forego any part of his commission where the debt for the property sold was collectible in any way, and that the provision that "no commission shall be allowed or paid on any article taken back" could not have been intended by the parties to apply to the case of the principal voluntarily accepting from a solvent purchaser in full settlement of his claim, a return of the machinery sold together with a conveyance of part of the land mortgaged as security for the purchase price, the whole of which could have been collected in cash if the seller had chosen to enforce his claim. No such contract or state of facts is presented in the case at bar. By the express terms of the agency contract under which the plaintiffs negotiated sales of machinery they were to receive from the defendant commission certificates "showing the amount due the agent as notes are paid in cash"; and "no commission is to be paid or allowed on any order not filled, nor any machine returned or taken back for any cause whatever"; and the commission certificates issued to the plaintiffs, constituting the evidence of any right they acquired to commissions not already paid, provide that the sums named therein as commissions are to be due "after payment in full is received by" the defendant of the purchaser's note described in such certificate, and, further, that the obligation thereby evidenced is to become null and void "in case of failure of" defendant "to collect said note, or if said note is collected by attorney, or by suit." So it appears by the terms of the contract between the parties that the part of the commissions evidenced by commission certificates was payable only in the event of the actual payment, by the purchasers,

of the corresponding notes, and that in several contin-
gencies provided for it was not payable at all, though
the seller might be able to enforce collection of the cor-
responding notes after default in the payment thereof
at maturity.   As to one of the sales on which a commis-
sion was claimed by the plaintiff in the case of *Taylor
Manufacturing Co. v. Key, supra,* it appeared from the
evidence that only part of the purchase price had been
collected.   The contract between the parties provided
for the payment of the commissions to the agent on each
sale proportionately out of the cash and the proceeds
of notes when collected.   The court seems to have had
no difficulty in reaching the conclusion that, under that
provision of the contract, the plaintiff was not entitled
to recover commissions on the uncollected portion of
the purchase price.   This branch of that case bears more
resemblance to the case now before the court than the
feature of the decision on which the counsel for the ap-
pellants place their reliance.   Whatever right the plain-
tiffs had to commissions on sales is evidenced by the
agency contract and the commission certificates issued
in pursuance of that contract.   Each of the pleas above
mentioned alleged the existence of a state of facts un-
der which, by the terms of the contract between the
parties, the plaintiffs were not entitled to the part of
the commissions evidenced by the commission certifi-
cates now held by them.   It was not necessary for the
pleas to go further and show that the defendant was
under a necessity of taking back the machinery sold in
consequence of an inability to enforce collection of the
purchase-money notes, as there was nothing in the con-
tract between the parties preserving to the agent the
right to the part of the commissions evidenced by the
commission certificates unless such necessity existed
for the seller to take back the machinery sold.   The

28 CA

court was not in error in overruling the demurrers to the above-mentioned pleas.

Affirmed.